```
                                   UNITED STATES DISTRICT COURT
                                   SOUTHERN DISTRICT OF FLORIDA

                                   CASE NO. 17-20438-Civ-SCOLA
                                   MAGISTRATE JUDGE P.A. WHITE
RANDAL ROSADO,

      Plaintiff,

v.                                 REPORT RE TRANSFER
                                     TO CORRECT VENUE
ROBERT NICHOLS et al.,

      Defendants.
_____/
```

The *pro se* Plaintiff, Randal Rosado, has filed this civil rights action, pursuant to 42 U.S.C. §1983, arising from events occurring in Lee County Florida.

The case has been referred to the undersigned for the issuance of all preliminary orders and any recommendations to the district court regarding dispositive motions. See 28 U.S.C. §636(b)(1)(B), (C); Fed.R.Civ.P. 72(b), S.D.Fla. Local Rule 1(f) governing Magistrate Judges, and S.D. Fla. Admin. Order 2003-19.

Construing plaintiff's allegations liberally as afforded *pro se* plaintiff pursuant to Haines v. Kerner, 404 U.S. 519 (1972), it appears from a careful review of the complaint that the Plaintiff is alleging that his constitutional rights were violated by the defendants as a result of a criminal case in Lee County, Florida, case number 16-000275CF. (DE# 1, p. 2). He appears to allege unlawful arrest, unlawful search and seizure, malicious prosecution, and false imprisonment. The criminal proceedings about which he complains took place in the Middle District of Florida. Although some of the defendants are located in the Southern District of Florida, all of the claims arise from the Plaintiff's Lee County criminal case.

It is well settled that a civil action filed by an inmate under authority of 42 U.S.C. §1983 "may be brought ... in (1) a judicial district where any defendant resides, if all defendants reside in the same State, (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred ... or (3) a judicial district in which any defendant may be found, if there is no district in which the action may otherwise be brought." 28 U.S.C. §1391(b). The law further provides that "[f]or the convenience of parties and witnesses, [and] in the interest of justice, a district court may transfer any civil action to any other district ... where it might have been brought." See 28 U.S.C. §1404(a).

To transfer an action under §1404(a) the following criteria must be met: (1) the action could have been brought in the transferee district court; (2) a transfer serves the interest of justice; and (3) a transfer is in the convenience of the witnesses and parties. See Robinson v. Giarmarco & Bill, P.C., 74 F.3d 253, 260 (11th Cir. 1996). The court's consideration of the §1404(a) factors may include such criteria as the plaintiff's initial choice of forum, the convenience of the parties, the convenience of the witnesses, the relative ease of access to sources of proof, the location of relevant documents, the availability of compulsory process for witnesses, the financial ability to bear the cost of the change, and trial efficiency. See Tampa Bay Storm, Inc. v. Arena Football League, Inc., 932 F.Supp. 281, 282 (M.D.Fla. 1996). Federal courts ordinarily accord deference to a plaintiff's choice of forum.

The decision to transfer an action pursuant to §1404(a) is left to the "sound discretion of the district court." Roofing & Sheeting Metal Serv. v. La Quinta Motor Inns, 689 F.2d 982, 985 (11th Cir. 1982); see also Brown v. Connecticut Gen. Life Ins. Co.,

934 F.2d 1193, 1197 (11th Cir. 1991). Such transfers may be made *sua sponte* by the district court. Mills v. Beech Aircraft Corp., 886 F.2d 758, 761 (5th Cir. 1989); Robinson v. Madison, 752 F.Supp. 842, 846 (N.D.Ill. 1990) ("A court's authority to transfer cases under §1404(a) does not depend upon the motion, stipulation or consent of the parties to the litigation."); Empire Gas Corp. v. True Value Gas of Florida, Inc., 702 F.Supp. 783, 784 (W.D.Mo. 1989).

As noted above, it is clear from plaintiff's recitation of the facts that the actions challenged in the instant proceeding and about which he has personal knowledge occurred in his Lee County criminal case which took place in the Middle District of Florida. Thus, the majority of material witnesses and evidence associated with his claims are located in the Middle District of Florida. It is, therefore, clear from the face of the complaint that the proper venue for this cause of action is the United States District Court, for the Middle District of Florida. See Stateline Power Corp. v. Kremer, 404 F.Supp.2d 1373 (S.D. Fla. Dec. 9, 2005); Robinson v. Giarmarco & Bill, P.C., 74 F.3d 253, 260 (11th Cir. 1996). In light of the foregoing, the court concludes that in the interest of justice and for the convenience of the parties and witnesses, this case should be transferred to the United States District Court for the Middle District of Florida for review and determination, pursuant to 28 U.S.C. §1404. At that time, the transfer court may order plaintiff to amend the complaint, and file a legally sufficient *in forma pauperis motion*.

Although the plaintiff's choice of forum is ordinarily given consideration, Norwood v. Kirkpatrick, 349 U.S. 29, 32 (1955), "where the operative facts underlying the cause of action did not occur within the forum chosen by Plaintiff, the choice of forum is entitled to less consideration." Windmere Corp. v. Remington Products, Inc., 617 F.Supp. 8, 10 (S.D. Fla. 1985). Neither the

3

private interest of the litigants nor the public interest in the administration of justice are advanced by having this proceeding maintained in the Southern District of Florida. In the interest of justice, therefore, this action should be transferred to the Middle District of Florida.

Since this case has no connection with the Southern District of Florida, because the events occurring in Lee County situated within the jurisdiction of the Middle District of Florida, it is therefore recommended that the Clerk be directed to transfer this case to the United States District Court for the Middle District of Florida, pursuant to United States Code Title 28, Sections 1391(b) and 1406(a).

For the foregoing reasons, the Undersigned recommends that the case be transferred to the United States District Court for the Middle District of Florida, at which time the court there may wish to have the Plaintiff amend to state a cogent claim for relief, along with requiring the payment of the Clerk's filing fee or the filing of a proper motion to proceed *in forma pauperis*.

Objections to this report may be filed with the District Judge within fourteen days of receipt of a copy of the report. Failure to file timely objections shall bar plaintiff from a *de novo* determination by the district judge of an issue covered in this report and shall bar the parties from attacking on appeal factual findings accepted or adopted by the district judge except upon grounds of plain error or manifest injustice. See 28 U.S.C. §636(b)(1); Thomas v. Arn, 474 U.S. 140, 149 (1985); Henley v. Johnson, 885 F.2d 790,794 (1989); LoConte v. Dugger, 847 F.2d 745 (11th Cir. 1988); RTC v. Hallmark Builders, Inc., 996 F.2d 1144, 1149 (11th Cir. 1993).

Signed this 21st day of March, 2017.

                                            UNITED STATES MAGISTRATE JUDGE

cc: Randal Rosado, <u>Pro Se</u>
    Lee County Jail
    Inmate Mail/Parcels
    2501 Ortiz Avenue
    Fort Myers, FL 33905